UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS RAYMOND HOLSINGER,                    Case No. 07-15012

           Plaintiff,                    Thomas L. Ludington
                                       United States District Judge

v.
                                       Michael Hluchaniuk

COMMISSIONER OF                              United States Magistrate Judge
SOCIAL SECURITY,

           Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 11, 16)**

## I.     PROCEDURAL HISTORY

### A.     Proceedings in this Court

On November 26, 2007, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Thomas L. Ludington  referred this matter to Magistrate Judge Virginia M. Morgan for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability insurance benefits and Supplemental Security Income

Benefits.  (Dkt. 3).  This matter was reassigned to the undersigned on January 14, 2008.  (Dkt. 6).  This matter is currently before the Court on cross-motions for summary judgment.  (Dkt. 11, 16).

      B.    <u>Administrative Proceedings</u>

Plaintiff filed the instant claims on May 16, 2002, alleging that he became unable to work on December 26, 2001.  (Tr. at 53-55).  The claim was initially disapproved by the Commissioner on August 16, 2002.  (Tr. at 31-35).  Plaintiff requested a hearing and on September 29, 2004, plaintiff appeared before Administrative Law Judge (ALJ) Neil White.  (Tr. at 191).  In a decision dated October 21, 2004, the ALJ found that plaintiff was not disabled.  (Tr. at 191-198). Plaintiff requested a review of this decision.  (Tr. at 206).  In a decision by the Appeals Council dated May 11, 2005, the case was remanded to an ALJ.  (Tr. at 202-205).

On July 31, 2006, a second hearing was held and plaintiff appeared with counsel before Administrative Law Judge (ALJ) Regina Sobrino, who considered the case *de novo*.  In a decision by the Appeals Council dated October 25, 2006, the ALJ found that plaintiff was not disabled.  (Tr. at 15-21).  Plaintiff requested a review of this decision on December 28, 2006.  (Tr. at 10).  The ALJ's decision

Report and Recommendation<br>
Cross-Motions for Summary Judgment<br>
*Holsinger v. Comm'r*; No. 07-15012

became the final decision of the Commissioner when, after the review of additional

exhibits[1] (AC- 1, Tr. at 261-262), the Appeals Council, on September 20, 2007,

denied plaintiff's request for review.  (Tr. at 6-9); *Wilson v. Comm'r of Soc. Sec.,*

*378 F.3d 541, 543-44 (6th Cir. 2004)*.

    In light of the entire record in this case, the undersigned suggests that

substantial evidence supports the Commissioner's determination that plaintiff is

not disabled.  Accordingly, it is **RECOMMENDED** that plaintiff's motion for

summary judgment be **DENIED**, defendant's motion for summary judgment be

**GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II.     STATEMENT OF FACTS

### A.     ALJ Findings

    Plaintiff was 41 years of age at the time of the most recent administrative

hearing.  (Tr. at 267).  Plaintiff's relevant work history included approximately 21

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review.  *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.,* 96 F.3d 146, 148 (6th Cir. 1996).  Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

years as a truck driver, cook, mechanic, shop worker, and press operator.  (Tr. at 67).  In denying plaintiff's claims, the Commissioner considered myotonic dystrophy and degenerative disc disease as possible bases of disability. (Tr. at 17-18).

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since December 26, 2001.  (Tr. at 17).  At step two, the ALJ found that plaintiff's myotonic dystrophy and degenerative disc disease were "severe" within the meaning of the second sequential step.  (Tr. at 17).  At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations.  (Tr. at 18).  At step four, the ALJ found that plaintiff could not perform his previous work as an auto mechanic, small engine mechanic, machine operator/forklift driver and janitor.  (Tr. at 19).

Before May 1, 2004, the ALJ found that plaintiff had the following residual functional capacity:

> [T]he claimant had the residual functional capacity to lift, carry, push, and pull 5  pounds frequently and 10 pounds occasionally. He was able to stand/walk 4 hours per 8-hour work day. He was able to sit up to 8 hours per 8-hour work day, provided he had the opportunity to alternate sitting and standing at will.  He could not climb

> ladders, ramps, or scaffolds. He could climb stairs and stoop rarely. He could not kneel or crouch. He was limited to frequent (not constant) handling, fingering, and feeling. He could not reach overhead, operate foot or leg controls, or drive as a work duty. He could not be exposed to hazards, vibration or extremes of cold temperatures. He could not write more than a few words at any one time, and then for no more than a total of 1/3 of a workday.

(Tr. at 18). The ALJ also found that, as of the onset date of disability, plaintiff was unable to perform his past relevant work and that, as of May 1, 2004, the ALJ found that plaintiff was unable to perform sitting, standing and walking requirement of sedentary work for regular work schedule. (Tr. at 19-20). The ALJ concluded, however, at step five, that before May 1, 2004, there were a significant number of jobs in the national economy that plaintiff could have performed, given his age, education, work experience, and residual functional capacity. (Tr. at 19-20). Thus, the ALJ concluded that plaintiff was not disabled before May 1, 2004, but became disabled on that date and remained disabled through the date of decision. (Tr. at 20).

B.     Parties' Arguments

1.     Plaintiff's claims of error

According to plaintiff, the ALJ erred when concluded that plaintiff was not disabled before May 1, 2004.  (Dkt. 11, p. 1).  Plaintiff argues that the ALJ's conclusion that plaintiff's condition had not yet worsened to a degree that would prevent him from performing a limited range of sedentary jobs was based on an incorrect reading of a report from Eva L. Feldman, M.D., Ph.D., of the University of Michigan Department of Neurology dated May 18, 2004.  (Dkt. 11, p. 1, citing, Tr. at 236).  According to plaintiff, contrary to the ALJ's conclusion, the evidence in the record, in particular, Dr. Feldman's reports, shows that the deterioration described in the May 2004 report had occurred well before that date.  (Dkt. 11, pp. 1-2).  Although plaintiff's condition had worsened further by the May 2004 examination, contrary to the ALJ's conclusion, Dr. Feldman's earlier note shows that plaintiff, in November 2002, and even earlier, could not have performed the jobs cited by the ALJ in her decision.  (Dkt. 11, p. 2).

Plaintiff also argues that the ALJ failed to give due consideration to plaintiff's back condition as it existed before May 1, 2004, and that the vocational

expert's testimony was inconsistent with the ALJ's RFC finding.  Finally, plaintiff requests attorney fees under the Equal Access to Justice Act (EAJA).

2.      Commissioner's counter-motion for summary judgment

The Commissioner argues that, in determining that plaintiff was not disabled before May 1, 2004, the ALJ considered:  (1) the results of nerve conduction studies performed on November 2002, which showed very frequent myotonic discharges in the hand muscle, (2) plaintiff's reports of numbness in 2002 to Dr. Schuchter and Dr. Feldman; and (3) that plaintiff underwent excision of a recurring ganglion cyst from the left wrist in October, 2002, which reportedly affected sensation in the digits.  (Dkt. 16).  The Commissioner notes, however, that Dr. Schuchter found in July 2002 that plaintiff had a normal range of motion in his hands, fingers, and wrists and that plaintiff could make a fist, pick up a coin, perform finger to finger and finger to nose movements without difficulty.  Further, the Commissioner points out that while the ALJ chose not to rely on it, the state agency physician concluded that plaintiff had no manipulative limitations as of August 13, 2002.  (Dkt. 16).

According to the Commissioner, the ALJ considered that the objective findings supported Dr. Feldman's opinion of decline, including deteriorating

Report and Recommendation
Cross-Motions for Summary Judgment
*Holsinger v. Comm'r*; No. 07-15012

dexterity and increased reported fatigue.  The Commissioner notes that in July, 2006, plaintiff reported significant weakness in all extremities, difficulty in letting go when gripping with his hands, and significant thumb contraction, which stood in contrast to previous examination findings that generally showed normal strength and grip.  (Dkt. 16, citing, Tr. at 18, 19, 259, 138, 167).  The Commissioner also points out that no treating physician ever offered an opinion regarding plaintiff's manipulative limitations until March, 2006, well after the date on which the ALJ found plaintiff to be disabled.  (Dkt. 16, citing, Tr. at 248-49).  Thus, according to the Commissioner, the "ALJ could reasonably conclude that Plaintiff was able to perform frequent fingering and handling until May 1, 2004, but not thereafter."  (Dkt. 16).  The Commissioner also argues that plaintiff's ability to perform a reasonable amount of daily activities (driving, loading the dishwasher, vacuuming, taking out the garbage and grocery shopping) supported the ALJ's finding that plaintiff could use his hands up to two-thirds of a workday.

The Commissioner also disputes plaintiff's claims of error regarding the vocational testimony, pointing out that two of the three jobs identified by the VE required only occasional or less than occasional use of the hands.  (Dkt. 16, citing, Tr. at 294-295).  According to the Commissioner, the VE testified that the

Report and Recommendation
Cross-Motions for Summary Judgment
*Holsinger v. Comm'r*; No. 07-15012

information clerk and surveillance system monitor jobs required only occasional handling and fingering and the telephone solicitor job would not require frequent handling and fingering, only required handling and fingering up to 50 percent of a workday, both of which are consistent with the RFC finding.

The Commissioner argues that the Court should reject plaintiff's argument that the ALJ failed to consider his complaints of chronic back pain in assessing his RFC. (Dkt. 16). According to the Commissioner, the ALJ considered plaintiff's complaints of back pain and reasonably found no appreciable decline in his condition until after May, 2004. For example, the 2005 MRI showed a "huge" disc herniation at L4-L5, while the 2004 MRI showed only small disc bulging at L3-L4 and L5-L6. The ALJ also considered that plaintiff's own account of his symptoms had worsened as of May, 2004. Thus, according to the Commissioner, the ALJ reasonably found that plaintiff's back impairment was not disabling before May 1, 2004. (Dkt. 16).

Finally, the Commissioner argues that plaintiff's request for attorney's fees under is premature. Should the Court decide to remand this case pursuant to sentence four of 42 U.S.C. 405(g), then plaintiff must file a petition with the Court requesting attorney's fees. (Dkt. 16).

## III.    DISCUSSION

### A.    Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious.  *Sullivan v. Zebley*, 493 U.S. 521 (1990).  The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council.  *Bowen v. Yuckert*, 482 U.S. 137 (1987).  If relief is not found during this administrative review process, the claimant may file an action in federal district court.  *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record."  *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005);

Report and Recommendation
Cross-Motions for Summary Judgment
*Holsinger v. Comm'r*; No. 07-15012

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding

whether substantial evidence supports the ALJ's decision, "we do not try the case

de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v.*

*McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383,

387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to

evaluate the credibility of witnesses, including that of the claimant." *Rogers v.*

*Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc.*

*Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a

claimant's subjective complaints and may...consider the credibility of a claimant

when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502

F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the

claimant are to be given great weight, particularly since the ALJ is charged with

observing the claimant's demeanor and credibility.") (quotation marks omitted);

*Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is

appropriate where an ALJ finds contradictions among medical reports, claimant's

testimony, and other evidence."). "However, the ALJ is not free to make

credibility determinations based solely upon an 'intangible or intuitive notion

Report and Recommendation
Cross-Motions for Summary Judgment
*Holsinger v. Comm'r*; No. 07-15012

about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting, Soc. Sec.
Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are
conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the
Commissioner's decision merely because it disagrees or because "there exists in
the record substantial evidence to support a different conclusion." *McClanahan v.
Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800
F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a
scintilla of evidence but less than a preponderance; it is such relevant evidence as a
reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486
F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard
presupposes that there is a 'zone of choice' within which the Commissioner may
proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027,
1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record
only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir.
2001). When reviewing the Commissioner's factual findings for substantial
evidence, a reviewing court must consider the evidence in the record as a whole,

Report and Recommendation
Cross-Motions for Summary Judgment
*Holsinger v. Comm'r*; No. 07-15012

including that evidence that might subtract from its weight.  *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council."  *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record.  *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

B.   Governing Law

1.   Burden of proof

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq.*) and the

Report and Recommendation
Cross-Motions for Summary Judgment
*Holsinger v. Comm'r*; No. 07-15012

Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381 *et seq.*).  Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled.  F. Bloch, Federal Disability Law and Practice § 1.1 (1984).  While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.

> Step Two:  If the claimant does not have a severe impairment or combination of impairments, that

Report and Recommendation
Cross-Motions for Summary Judgment
*Holsinger v. Comm'r*; No. 07-15012

"significantly limits...physical or mental ability to do basic work activities," benefits are denied without further analysis.

Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.

Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work."  *Jones*, 336 F.3d at 474, cited

Report and Recommendation
Cross-Motions for Summary Judgment
*Holsinger v. Comm'r*; No. 07-15012

with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step

without a finding that the claimant is not disabled, the burden transfers to the

Commissioner.  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).

At the fifth step, the Commissioner is required to show that "other jobs in

significant numbers exist in the national economy that [claimant] could perform

given [his] RFC and considering relevant vocational factors."  *Rogers*, 486 F.3d at

241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

> 2.     Substantial evidence

If the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if the court would have decided the matter

differently and even where substantial evidence supports the opposite conclusion.

*McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where

substantial evidence supports the ALJ's decision, it must be upheld.

In weighing the opinions and medical evidence, the ALJ must consider

relevant factors such as the length, nature and extent of the treating relationship,

the frequency of examination, the medical specialty of the treating physician, the

opinion's evidentiary support, and its consistency with the record as a whole.  20

C.F.R. § 404.1527(d)(2)-(6).  Therefore, a medical opinion of an examining source

is entitled to more weight than a non-examining source and a treating physician's opinion is entitled to more weight than a consultative physician who only examined the claimant one time.  20 C.F.R. § 404.1527(d)(1)-(2).  A decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's opinion and the reasons for that weight." Soc.Sec.R. 9602p, 1996 WL 374188, *5 (1996).

C.     Analysis and Conclusions

The ALJ determined that, before May 1, 2004, plaintiff possessed the residual functional capacity to return to a limited range of sedentary work.  (Tr. at 19).

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. 404.1567(a) (1991).  Social Security Ruling (SSR) 83-10 clarifies this definition and provides that:

> "Occasionally" means occurring from very little up to
> one-third of the time.  Since being on one's feet is
> required "occasionally" at the sedentary level of exertion,
> periods of standing or walking should generally total no
> more than about 2 hours of an 8-hour workday, and
> sitting should generally total approximately 6 hours of an
> 8-hour workday.  Work processes in specific jobs will
> dictate how often and how long a person will need to be
> on his or her feet to obtain or return small articles.

20 C.F.R. § 404.1567(b).

After review of the record, the undersigned concludes that the ALJ utilized the proper legal standard in his application of the Commissioner's five-step disability analysis to plaintiff's claim and that the ALJ's decision is supported by the substantial evidence.  As noted earlier, if the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion.  *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

The undersigned suggests that the ALJ's decision is supported by the substantial evidence for several reasons.  First, in the period before May 1, 2004, no treating physician or any other medical source articulated any specific physical

restrictions on plaintiff that would have precluded him from performing the sedentary work identified by the VE at the hearing.  *See Maher v. Sec'y of Health and Human Serv.*, 898 F.2d 1106, 1109 (6th Cir. 1987), citing, *Nunn v. Bowen*, 828 F.2d 1140, 1145 (6th Cir. 1987) ("lack of physical restrictions constitutes substantial evidence for a finding of non-disability.").  Rather, the only restriction noted in the record, during the relevant period, is a November 15, 2001 note from plaintiff's physician that he was restricted from lifting more than 45 pounds at work.  (Tr. at 130).  This restriction is consistent with the ALJ's RFC finding.

Moreover, in his disability report dated May 13, 2002, plaintiff stated that he stopped working on May 10, 2002 due to back pain and because of the lifting restrictions put in place by his doctor.  (Tr. at 78).  As of May, 2002, plaintiff reported seeing his physician for back pain and "loss of grip," but had not been treated since November, 2001.  (Tr. at 80).  Plaintiff reported, as of May, 2002, only being treated with medication and physical therapy for his back pain.  (Tr. at 80-81).  The only medical record from the period in question on which plaintiff relies to support his claim that his back pain was disabling before May 1, 2004 is Dr. Feldman's November, 2002 report.  (Dkt. 11, p. 4).  Nothing in Dr. Feldman's report suggests that plaintiff's back pain would preclude him from performing the

limited range of sedentary work as found by the ALJ.  Thus, the undersigned concludes that the ALJ's RFC finding regarding the impact of plaintiff's back pain during the relevant period to be supported by the substantial evidence in the record.

Moreover, plaintiff seems to argue that because his condition was progressive and worsening over time, he must have disabled in the period before May 1, 2004.  Plaintiff worked for at least 10 years while his condition progressed.  At some point in time, he was unable to perform even sedentary work.  The ALJ, based on the medical evidence in the record, determined that date to be May 1, 2004.  Plaintiff's argument is based primarily on the existence of his conditions, rather than on any resulting impairments or specific restrictions.  This is insufficient to establish an inability to work.  *See e.g.*, *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002) (The residual functional capacity circumscribes "the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from-though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities."); *Yang v. Comm'r of Soc. Sec.*, 2004 WL 1765480, *5 (E.D. Mich. 2004) ("A claimant's severe impairment may or may not affect his or her functional capacity to do work.  One does not necessarily establish the other."); *Griffeth*, 217 Fed.Appx. at 429 ("The regulations

Report and Recommendation
Cross-Motions for Summary Judgment
*Holsinger v. Comm'r*; No. 07-15012

recognize that individuals who have the same severe impairment may have different residual functional capacities depending on their other impairments, pain, and other symptoms.").  For example, the July, 2002 FCE failed to note that plaintiff had any significant hand or wrist limitations.  (Tr. at 137-142).  Indeed, it noted that plaintiff could push/pull, dress/undress, dial a telephone, open a door, make a fist, pick up a coin, and perform finger to finger and finger to nose movements.  *Id.*  The reflexes in plaintiff's upper extremities were normal.  *Id.*  In comparing Dr. Feldman's 2004 and 2002 reports, plaintiff's finger extension tests worsened significantly in 2004.  (Tr. at 157, 238).  In her 2004 report, Dr. Feldman noted that plaintiff's overall condition had mildly worsened from 2002.  (Tr. at 238).  Moreover, plaintiff's claim that has been disabled since 2001, but worked until May, 2002 is not supportive of his claim of total disability during the period in question.  And, given plaintiff's claim that the weight limitation put in place by his physician was the reason he could no longer work, plaintiff's claim that he could not perform the limited range of sedentary as set forth in the RFC is not supported.  Thus, the undersigned finds that the ALJ's residual functional capacity finding was reasonable and supported by the substantial evidence in the record.

The ALJ's findings also follow the opinions of the vocational expert which came in response to proper hypothetical questions that accurately portrayed plaintiff's individual physical and mental impairments in harmony with the objective record medical evidence.  *See* *Griffeth*, 217 Fed.Appx. at 429; *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).  The undersigned agrees with the Commissioner that plaintiff's complaints about the vocational expert's testimony are unfounded.  Two of the three jobs identified by the VE required only occasional or less than occasional use of the hands, which is consistent with the RFC finding.  Specifically, the VE testified that the information clerk and surveillance system monitor jobs required only occasional handling and fingering and that the telephone solicitor job would not require frequent handling and fingering, but only required handling and fingering up to 50 percent of a workday.  These jobs are, therefore, consistent with the RFC finding for the period at issue.

After review of the record, the undersigned concludes that the decision of the ALJ, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decisionmakers may go either way

Report and Recommendation
Cross-Motions for Summary Judgment
*Holsinger v. Comm'r*; No. 07-15012

without interference from the courts," *Felisky*, 35 F.3d at 1035, as the decision is supported by substantial evidence.

## III.  **RECOMMENDATION**

Based on the foregoing, it is **RECOMMENDED** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.[2]

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

---

[2] Under these circumstances, an award of attorney fees is not appropriate.

Within 10 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response must not exceed 20 pages in length unless such page limit is extended by the Court. The response must address specifically, and in the same order raised, each issue contained within the objections by motion and order. If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

Date: January 26, 2009

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on January 26, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Steven P. Cares, AUSA, Victor L. Galea, Sr., and Commissioner of Social Security.

s/Darlene Chubb
Judicial Assistant

24

Report and Recommendation
Cross-Motions for Summary Judgment
*Holsinger v. Comm'r*; No. 07-15012