UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS RAYMOND HOLSINGER,

    Plaintiff,

                 Case Number 07-15012
v.                  Honorable Thomas L. Ludington

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____ /

**ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

On May 16, 2002, Plaintiff Thomas Raymond Holsinger first requested disability benefits from Defendant because he suffered from osteoarthritis, esophagitis, myotonic dystrophy, a herniated disc, stomach disorder, and burns. Plaintiff asserted that these ailments prohibited him from employment beginning on December 26, 2001. On August 16, 2002, an administrative law judge ("ALJ") for Defendant Commissioner of Social Security denied the application for benefits because Plaintiff's maladies did not limit him from all employment. On October 21, 2004, another ALJ affirmed the decision after conducting a hearing. While concluding that Plaintiff suffered from severe conditions that prohibited him from performing his past jobs, the ALJ found that Plaintiff could perform light work that required minimal grasping with his hands.

On May 11, 2005, Defendant's Appeals Council remanded the application for further consideration of supplemental medical evidence. On October 25, 2006, after conducting another hearing with a vocational expert, Defendant concluded that the record did not demonstrate that Plaintiff was disabled from December 26, 2001 to May 1, 2004, but exhibited that Plaintiff was disabled from May 1, 2004. This decision was ultimately upheld by Defendant's Appeal's Council.

On November 26, 2007, Plaintiff filed a complaint alleging that Defendant erroneously denied disability benefits from December 26, 2001 through May 1, 2004. After the parties filed cross-motions for summary judgment, Magistrate Judge Michael J. Hluchaniuk issued a report and recommendation that Defendant's denial of benefits was supported by substantial evidence. On February 9, 2009, Plaintiff objected to the report and recommendation, emphasizing portions of the record that Plaintiff believes contradicts the finding that Defendant's decision was supported by substantial evidence. After review of the pleadings and the record, the Court will **ADOPT** the report and recommendation, **GRANT** Defendant's motion for summary judgment, and **DENY** Plaintiff's motion for summary judgment and objection.

I

Plaintiff's medical history demonstrates that he suffered from the degenerative condition of myotonic dystrophy long before requesting disability benefits. The parties disagree on whether record indicates that this condition rendered Plaintiff disabled as of December 26, 2001. The observations of two physicians are central to the report and recommendation and objection.

On November 21, 2002, Plaintiff's neurologist, Eva L. Feldman, M.D. ("Dr. Feldman"), documented Plaintiff's condition. In her report, Dr. Feldman provided the following observations:

> [Plaintiff] reports that he began to notice his hands were weak approximately ten years ago and had trouble with his grip. He also noticed that he had difficulty letting go of objects. In retrospect, he remembers that as a teenager, he rode BMX bikes and had trouble letting go of the grip of the handlebars of the bike; however, this was not really significant until ten years ago and it has become even more apparent to him in the past six months. Currently, he feels that he is weak in both hands, but the right hand more so than the left. This particularly bothers him, as he works as a mechanic and has trouble holding onto tools. He has also noticed that his hands fatigue very easily. Almost as bothersome as this symptom, he has noticed that his hands will "lock up" whenever he is trying to grip something. He will have to forcefully unlock the hand with his other hand or use a piece of furniture. This has also gotten worse over the past six months.

-2-

> Our neurological review of systems, he has not had any dysphagia, dysarthria or eyelid drooping.  He has not noticed any double vision or other disturbances of his visual activity.  He has noted muscle twitching in his hands and upper extremities which sound consistent with fasciculations.  The twitching does not move a joint.  He has not had any cramping or trouble getting out of low chairs or doing things over his head.  He does have chronic back pain that has been very bothersome to him and in fact is causing his as much difficulty as his hands are currently.
>
> \* \* \*
>
> In summary, [Plaintiff] is a 37-year-old gentlemen, with complaints of hand weakness and difficulty releasing his grip who, on clinical examination, does have evidence of myotonia, as well as seen electrographically.  He also has physical characteristics consistent with a diagnosis of myotonic dystrophy and we strongly suspect that this is his ultimate diagnosis.

TR at 156, 158.  Dr. Feldman did not identify any physical limitations, work-related or otherwise, but did recommend several courses of treatment, including testing and medicine.  TR at 158-59.  Plaintiff, however, has not directed the Court to test results emanating from Dr. Feldman's care.

On the other hand, Defendant's examiner, S.L. Schuchter, M.D., issued a report on July 3, 2002.  While noting the existence of myotonic dystrophy and Plaintiff's reduced range of motion, Dr. Schuchter observed Plaintiff stand, bend, push, pull, dress, make a fist, and pick up a coin.  TR at 137.  Likewise, Dr. Schuchter did not identify functional limitations.

In concluding that Plaintiff was not disabled prior to May 1, 2004, the ALJ reasoned as follows:

> [Plaintiff's] medically determinable impairments can reasonably be expected to produce pain, loss of dexterity of the hands, and weakness, but allegations of disabling symptoms prior to May 1, 2004 are not fully consistent with the medical and other evidence of record.  A medical examiner reviewed the record in August 2002 for the State agency and concluded the claimant had the residual functional capacity for a range of light work.

TR at 18.  With respect to the vocational expert's opinion, the ALJ also noted as follows:

> The vocational expert testified that given all of these factors [Plaintiff] would have

-3-

> been able to perform the requirements of representative occupations such as 1,800 clerk jobs; 1,500 surveillance system monitor jobs; and 2,100 telephone solicitor jobs . . . the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.
>
> Based upon the testimony of the vocational expert, I conclude that prior to May 1, 2004, the claimant was capable of making a successful adjustment to work that existed in significant numbers in the national economy.

TR at 20. It is undisputed that the record contains physical limitations supporting the conclusion that Plaintiff met the definition of disability after May 1, 2004. TR at 248-49.

II

The Commissioner of Social Security determines whether a claimant is disabled in accordance with a five-step process. The claimant must demonstrate the four following criteria: (1) the claimant is not engaged in substantial gainful employment; (2) the claimant suffers from a severe impairment; (3) the impairment meets a "listed impairment;" and (4) the claimant does not retain the residual functional capacity to perform her relevant past work. 20 C.F.R. § 416.920(a)(4)(I-iv). At the fifth and final step, the commissioner determines whether the claimant is able to perform any other gainful employment in light of the claimant's residual functional capacity, age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(v).

The burden lies with a claimant to demonstrate the entitlement to benefits. *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted). A district court reviews Defendant's decision to determine whether its "factual findings . . . are supported by substantial evidence." *Tyra v. Secretary of Health and Human Services*, 896 F.2d 1024, 1028 (6th Cir. 1990) (*citing* 28 U.S.C. § 405(g)). Substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Even if the evidence could also support another conclusion, the decision of

the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). A district court does not resolve conflicts of evidence or issues of credibility. *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

III

Plaintiff's objection raises two primary assignments of error. First, Plaintiff argues that the magistrate judge minimized the significance Dr. Feldman's report. Second, Plaintiff stresses that Plaintiff's admissions that he could perform certain household tasks does not demonstrate an ability to engage in full-time employment. Plaintiff does not contend that the magistrate judge incorrectly applied legal authority.

Plaintiff emphasizes the significance of Dr. Feldman's 2002 report. Indeed, the report notes some physical limitations concerning the use of Plaintiff's appendages. However, it appears that the report contains Plaintiff's self-reported complaints rather than Dr. Feldman's first-hand observations. For example, the report provides: "[*Plaintiff*] *has noticed* that his hands will 'lock up' whenever he is trying to grip something." TR at 156 (emphasis added). In addition, Dr. Feldman does not indicate the severity of objective data contained in the report or suggest limitations.

While Plaintiff maintains that the record does not contain evidence that he could perform the types of employment the ALJ concluded he could perform, the burden rests with the claimant to affirmatively support his claim for disability. Specifically, Plaintiff maintains that it is irrelevant that "no treating physician was asked for an explicit opinion" regarding "Plaintiff's manipulative limitations" until 2006. Despite Plaintiff's interpretation of the record, Dr. Feldman's report does not require the conclusion that the ALJ reached an erroneous decision.

On the other hand, Plaintiff diminishes the significance of Dr. Schuchter's report, contending that it does not suggest actual limitations. Rather, Plaintiff suggests that the report only documents Plaintiff's ability to accomplish certain tasks once and documents Plaintiff's limited range of motion. Notwithstanding this argument, it is reasonable to conclude that the objective observations of Plaintiff's functional abilities supports the fact that he was able to perform some employment. Dr. Schuchter observed Plaintiff's ability to accomplish physical activities required by the types of employment identified by the vocational expert, which supports the ALJ's ultimate conclusion. While Plaintiff maintains that Dr. Feldman's report establishes that Plaintiff was unable to perform any gainful occupation from December 26, 2001, the ALJ's decision is supported by substantial evidence.

Plaintiff also stresses that his back pain, noted in Dr. Feldman's report, supports his claim of disability. As the magistrate judge notes, Dr. Feldman's report does not conclude that Plaintiff's back pain precluded him from work. Without Plaintiff identifying further evidence supporting his view of the record, Plaintiff has not met his burden and the ALJ's conclusion is supported by substantial evidence.

Plaintiff also asserts that it was error to equate Plaintiff's ability to accomplish household chores with an ability to do work because the ALJ did not inquire into the duration and frequency of these activities. Plaintiff, however, has not provided any portion of the record that contradicts the ALJ's finding. While Plaintiff maintains that the magistrate judge did not identify any other "citation to evidence regarding these daily activities," the burden lies with Plaintiff to demonstrate the conclusion is not supported by substantial evidence. Plaintiff has not done so.

IV

Ultimately, the Court agrees with the magistrate judge's conclusion that substantial evidence supports the denial of benefits until May 1, 2004. Although Plaintiff maintains that Dr. Feldman's report is significant in demonstrating that Plaintiff was disabled in 2001, he has not met his burden by identifying portions of the record that significantly undermine the ALJ's conclusions.

Accordingly, it is **ORDERED** that the report and recommendation [Dkt. # 18] is **ADOPTED**. Plaintiff's objection to the report and recommendation [Dkt. # 19] is **OVERRULED**.

It is further **ORDERED** that Defendant's motion for summary judgment [Dkt. # 16] is **GRANTED**.

It is further **ORDERED** that Plaintiff's motion for summary judgment [Dkt. # 11] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 25, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 25, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS

---